UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRYL PATRICK LYNCH,
                                                            **REPORT**
                                                            **and**
                                    Plaintiff,              **RECOMMENDATION**
                                                            ------------------------------
            v.                                              **DECISION**
                                                            **and**
MICHAEL McDONOUGH,                                          **ORDER**

                                    Defendant.              **03-CV-556A(F)**

_____

APPEARANCES:          DARRYL PATRICK LYNCH, *Pro Se*
                      Wyoming County Correctional Facility
                      Box 501
                      Attica, New York 14011

                      DAMON & MOREY
                      Attorneys for Defendant
                      JOSEPH J. SCHOELLKOPF, JR., of Counsel
                      298 Main Street
                      1000 Cathedral Place
                      Buffalo, New York 14202-4096


## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on

December 9, 2003, for pretrial matters, including report and recommendation on

dispositive motions and decision and order on nondispositive motions.  The matter is

presently before the court on Defendant's motion to dismiss or, alternatively, for a more

definite statement (Doc. No. 8), filed December 3, 2003, and on Plaintiff's motion for

summary judgment (Doc. No. 21), filed April 7, 2004.[1]

_____

[1] Although Plaintiff's motion for summary judgment and Defendant's motion to dismiss are
dispositive, whereas Plainitff's alternative request for a more definite statement pursuant to Fed. R. Civ. P.
12(e) is nondispositive, the motions are addressed together in a combined report and recommendation
and decision and order in the interest of clariy.

## BACKGROUND

Plaintiff Darryl Patrick Lynch ("Plaintiff"), commenced this civil right action pursuant to 42 U.S.C. § 1983 on July 22, 2003.  Plaintiff alleges Defendant Michael McDonough ("Defendant" or "Officer McDonough"), an officer with the Town of Cheektowaga Police Department, falsely arrested Plaintiff on fabricated violations of New York's Vehicle and Traffic Law and subsequently falsified additional charges for which Plaintiff was prosecuted and convicted, thereby violating Plaintiff's Fourth Amendment right protecting him from unlawful search and seizure.  Plaintiff seeks monetary damages and release from prison in connection with his claim.

On December 3, 2003, Defendant moved to dismiss the Complaint under Fed. R. Civ. P. 8(a) and 12(b)(6) for failure to state a claim or, alternatively, for an order under Fed. R. Civ. P. 12(e) directing Plaintiff provide a more definite statement of his pleadings which Defendant characterizes as "so vague or ambiguous" that Defendant cannot frame a responsive pleading.  Defendant also filed on December 3, 2003, a Memorandum of Law in support of the motion (Doc. No. 9) ("Defendant's Memorandum").

On April 7, 2004, Plaintiff filed a motion for summary judgment, supported by the attached Memorandum of Law ("Plaintiff's Memorandum"), and the Affidavit/Affirmation of Darryl P. Lynch ("Plaintiff's Affidavit").  On April 23, 2004, Defendant filed a response in opposition to Plaintiff's summary judgment motion (Doc. No. 23), consisting of the Affidavit Christopher P. Jurusik, Esq. ("Jurusik Affidavit"), a Memorandum of Law in Opposition to *Pro Se* Plaintiff's Rule 56 Motion ("Defendant's Response Memorandum"), with attached exhibits A through L ("Defendant's Exhibit __").  As

Exhibits M and N were not included in the documents Defendant filed on April 23, 2004,

Defendant, on June 27, 2005, refiled its response in its entirety, including Exhibits A

through N (Doc. No. 31).

Plaintiff, in further support of summary judgment, filed documents entitled

"Memorandum of Law in Opposition to Defendant's Insufficiency of Rule 56 Motion"

(Doc. No. 24) ("Plaintiff's Response Memorandum") on May 3, 2004, and an

"Affirmation/Affidavit in Opposition to Defendant R. 56 Motion" (Doc. No. 25) ("Plaintiff's

Response Affidavit"), on May 4, 2004.  On May 12, 2004, Plaintiff filed documents

entitled "Memorandum of Law in Opposition to Defendant Motion to Insufficient to NIL"

(Doc. No. 26) ("Plaintiff's Second Memorandum"), and "Affirmation in Opposition to

Michael McDonough R. 56 to have it dismiss My Motion," (Doc. No. 27) (Plaintiff's

Second Affidavit").  On February 23, 2005, Plaintiff filed a document entitled

"Affidavit/Affirmation in Support of Motion" (Doc. No. 29) ("Plaintiff's Third Affidavit"),

although a closer inspection of the document reveals it is submitted in opposition to

Defendant's motion to dismiss.  Oral argument was deemed unnecessary.

Defendant's motion to dismiss should be GRANTED in part, DISMISSED as

moot in part, the Complaint should be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6)

without prejudice, and the Clerk of the Court should be directed to close the file.

Defendant's alternative request for an order directing Plaintiff to provide a more definite

statement of his claim and Plaintiff's motion for summary judgment should be

DISMISSED as moot.

**FACTS**[2]

This action is predicated on Plaintiff's arrest following a traffic stop by Defendant on November 4, 2000, in the Town of Cheektowaga.  Specifically, Defendant stopped Plaintiff's vehicle for speeding and broken tail lights.  Plaintiff was taken into custody and charged with speeding, aggravated unlicensed operation of a motor vehicle and false impersonation based on Plaintiff's statements to Defendant representing that Plaintiff's name was "Mark Wright."  Further police investigation revealed that the vehicle Plaintiff was driving at the time of his arrest was stolen.  As such, on April 19, 2001, an Erie County grand jury charged Plaintiff with felony criminal possession of stolen property in the fourth degree in violation of New York Penal Law ("N.Y. Penal Law")[3] § 165.45.5, and unauthorized use of a vehicle in the third degree in violation of N.Y. Penal Law § 165.05.1, a misdemeanor.  Subsequently, a comparison of Plaintiff's fingerprints with the New York State Department of Criminal Justice System's database confirmed Plaintiff's true identity as Darryl Patrick Lynch.  On July 30, 2001, an Erie County grand jury indicted Plaintiff on additional charges including forgery in the second degree in violation of N.Y. Penal Law § 170.10.2, speed in excess of the posted speed limit in violation of New York Vehicle and Traffic Law ("N.Y. Veh. & Traf. Law")[4] § 1180(d), and unlicensed operation of a motor vehicle in violation of N.Y. Veh. & Traf. Law § 509.1.  On August 27, 2001, the two indictments against Plaintiff were consolidated under Erie County Indictment No. 01-0499-001 ("the Indictment").

---

[2] Taken from the pleadings and motion papers filed in this action.

[3] Unless otherwise specified, references to N.Y. Penal Law are to McKinney 1998.

[4] Unless otherwise specified, references to N.Y. Veh. & Traf. Law are to McKinney 1996.

On October 1, 2001, Plaintiff appeared before Judge Michael L. D'Amico in Erie County Court, and pleaded guilty to Forgery in the Second Degree, a Class D felony, and to Unauthorized Use of a Motor Vehicle in the Third Degree, a Class A misdemeanor, in full satisfaction of all pending charges.  Plaintiff's criminal record included a previous conviction in Erie County Court on August 21, 1998, for burglary in the third degree, a Class E felony.  Based on Plaintiff's prior felony conviction, Plaintiff was sentenced as a second felony offender in accordance with N.Y. Penal Law § 70.06.  Specifically, Plaintiff was sentenced to concurrent terms of imprisonment of two to four years on the forgery conviction, and one year on Plaintiff's unauthorized use of a motor vehicle conviction.

On July 22, 2003, Plaintiff commenced this action challenging his conviction asserting that Officer McDonough subjected Plaintiff to a false arrest and subsequently fabricated the forgery charge and the other charges contained in the Indictment, thereby violating Plaintiff's Fourth Amendment right to be free from unlawful search and seizure.  Meanwhile, Plaintiff had filed an appeal of his conviction in New York Supreme Court, Appellate Division, Fourth Department which, on February 11, 2004, unanimously affirmed the conviction.  *People v. Lynch*, 771 N.Y.S.2d 435 (App. Div. 4th Dept. 2004).  Leave to appeal to the New York Court of Appeals was denied on March 23, 2004.  *People v. Lynch*, 810 N.E.2d 921 (N.Y. 2004).


## DISCUSSION

As stated, the instant action is before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) or, alternatively, for an order pursuant to

Fed. R. Civ. P. 12(e) for a more definitive statement, as well as on Plaintiff's motion for summary judgment.  In particular, Defendant argues in support of dismissal that the Complaint's allegations are "a collection of inchoate sentence fragments, cobbled together in what amounts to an unintelligible narrative, along with conclusory allegations, *i.e.*, no probable cause."  Defendant's Memorandum at 1.  Although Defendant concedes that Plaintiff claims he was subjected to a false arrest predicated on an unlawful search and seizure, Defendant maintains that factual allegations in support of such claim are so "vague, largely incomprehensible and rife with conclusory and unsupported allegations which are not substantiated by any factual basis" as to be insufficient even under the liberal pleading standard accorded pleadings filed by *pro se* litigants.  *Id*.  Defendant thus urges the court to dismiss the Complaint, without prejudice, for noncompliance with Rule 8(a) and under 12(b)(6) for failure to state a claim or, alternatively, seeks an order under Rule 12(e) directing Plaintiff to prepare and file a more definite statement so as to give Defendant fair notice of Plaintiff's claims and the supporting grounds.  *Id*. at 1-2.  Although the undersigned's order filed December 30, 2003 established January 30, 2004 as Plaintiff's deadline to file a response opposing Defendant's motion, Plaintiff's only response, filed February 23, 2005, challenges Defendant's assertion in support of Defendant's motion to dismiss or for a more definite statement as in violation of the Constitution's *ex post facto* clause, Plaintiff's Third Affidavit ¶¶ 2-4, a manifestly frivolous claim.

Plaintiff also moved for summary judgment, asserting that such motion was in response to Defendant's motion to dismiss.  Plaintiff's Memorandum at 1.  Defendant asserts in opposition that Plaintiff's summary judgment motion is not properly

supported, given that Plaintiff provides no factual or evidentiary support for his claim,

and has also failed to provide a statement of undisputed facts as required under Local

Rules of Civil Procedure 56.1(a).  Defendant's Response Memorandum at 3.  Plaintiff

argues in further support of summary judgment, that Defendant, upon arresting Plaintiff

on November 4, 2000, failed to advise Plaintiff of the basis for the arrest and although

he was initially charged with two counts of aggravated unlicensed operation of a motor

vehicle and false personation, Plaintiff was not indicted on such charges for six months.

Plaintiff's Response Memorandum at 2.  Plaintiff further argues that he was never

fingerprinted in connection with the additional charges contained in the second

indictment which, according to Plaintiff, establishes Defendant fabricated such charges

after Plaintiff's arrest.  *Id*. at 2-3.  As such, Plaintiff maintains his constitutional rights

protecting him from unreasonable search and seizure and false arrest, as well as to due

process, were violated and urges the court to grant summary judgment in Plaintiff's

favor. *Id*. at 2.

In further papers submitted in support of summary judgment, Plaintiff asserts that

"the court system" knew the charges to which Plaintiff pleaded guilty on October 21,

2001, were false and did not support the term of imprisonment to which Plaintiff was

sentenced in connection with the plea and that it was improper for Defendant to use

Plaintiff's fingerprints impressions taken when Plaintiff was booked on the initial arrest

to obtain indictments months later on charges for which Plaintiff was not arrested.

Plaintiff's Second Memorandum at 1-2; Plaintiff's Second Affidavit ¶¶ 3-4.

Having considered the contentions raised by all parties, the court finds the action

is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) under *Heck v. Humphrey*,

512 U.S. 477 (1994), as a judgment favorable to Plaintiff in the instant action would

necessarily imply the invalidity of Plaintiff's guilty plea to the second degree forgery and

unauthorized use of a motor vehicle state charges, thus constituting an impermissible

collateral review of the state court's disposition of Plaintiff's underlying criminal

proceeding.

In *Heck*, supra, the Supreme Court held that

> [i]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  <u>A claim for damages bearing that relationship
> to a conviction or sentence that has not been so invalidated is not cognizable
> under § 1983.</u>  Thus, when a state prisoner seeks damages in a § 1983 suit, the
> district court must consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it would, the
> complaint must be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated.  But if the district court
> determines that the plaintiff's action, even if successful, will not demonstrate the
> invalidity of any outstanding criminal judgment against the plaintiff, the action
> should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, *supra*, at 486-87 (underlining added).

As the Court in *Heck* explained, requiring a plaintiff to obtain a reversal of his conviction

or sentence prior to commencing a § 1983 action related to the conviction

> "avoids parallel litigation over the issues of probable cause and guilt . . . and it
> precludes the possibility of the claimant [*sic*] succeeding in the tort action after
> having been convicted in the underlying criminal prosecution, in contravention of
> a strong judicial policy against the creation of two conflicting resolutions arising
> out of the same or identical transaction."

*Heck*, *supra*, at 484 (quoting 8 S. SPEISER, C. KRAUSE, & A. GANS, AMERICAN LAW OF
TORTS, § 28.5, p. 24 (1991)).

Analyzing the instant claim under *Heck*, *supra*, the court finds that a favorable

decision on Plaintiff's underlying claim, *i.e.*, that Plaintiff was falsely arrested on November 4, 2000 and prosecuted on fabricated charges in violation of his constitutional rights would necessarily imply that Plaintiff's guilty plea made in Erie County Court, as affirmed on appeal, was invalid.  As such, the Complaint must be dismissed absent Plaintiff's demonstration that his underlying conviction has been invalidated.  The record, however, is devoid of any indication that Plaintiff's conviction has been invalidated.  Thus, Plaintiff fails to avoid dismissal under *Heck*.

Nevertheless, as it is possible that Plaintiff may or has already obtained a ruling invalidating his conviction, either in a New York court on a habeas corpus petition or a motion pursuant to New York Criminal Procedure Law § 440.10 (McKinney 2005), or in federal court on a habeas corpus petition pursuant to 28 U.S.C. § 2254, *et seq.*, the Complaint should be dismissed without prejudice and with leave to replead in the event Plaintiff can satisfy the pleading requirement of an invalidation of his conviction. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("Disposition of the case on *Heck* grounds, however, warrants only dismissal *without* prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" (quoting *Heck*, *supra*, at 487)) (italics in original). [5]

_____

[5] If, however, Plaintiff has already exhausted, unsuccessfully, all avenues to invalidate his conviction on the same grounds raised in the Complaint, a fact not provided in the record, then, pursuant to the *Rooker-Feldman* doctrine, the court is nevertheless without jurisdiction over the Complaint.  *See Burkybile v. Bd. of Educ. of Hastings-on-Hudson*, __ F.3d __, 2005 WL 1400143, *7 n. 3 (2d Cir. June 15, 2005) (noting that the *Rooker-Feldman* doctrine bars federal court jurisdiction over actions filed by the losing party in a state court action "subsequent to the completion of the state court action seeking to overturn the judgment of the state court").  With few exceptions, including habeas corpus, "lower federal

As the court finds the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim in accordance with *Heck*, *supra*, it need not consider whether the Complaint is also subject to dismissal for noncompliance with Rule 8(a)'s requirement that pleadings contains "a short and plain statement of the claim showing that the pleader is entitled to relief," Defendant's alternative request for an order directing Plaintiff provide a more definite statement of his claim, nor need the court consider Plaintiff's motion for summary judgment.

## CONCLUSION

Defendant's motion to dismiss (Doc. No. 8), should be GRANTED in part and DISMISSED as moot in part, the action should be DISMISSED without prejudice, and the Clerk of the Court should be directed to close the file.  Defendant's alternative request (Doc. No. 8) for an order pursuant to Fed. R. Civ. P. 12(e) directing Plaintiff to provide a more definite statement of his claim, as well as Plaintiff's motion for summary judgment (Doc. No. 21) should be DISMISSED as moot.

SO ORDERED, as to Defendant's
motion for a more definite statement,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

_____

courts lack subject matter jurisdiction over claims that effectively challenge state court judgments."
*Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court is the only federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress, *see*, *e.g.*, 28 U.S.C. § 2254 (habeas corpus review).") (internal citation omitted).

10

Respectfully submitted, as to Plaintiff's motion for summary judgment and Defendant's motion to dismiss,


/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:          July 1, 2005
                Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      July 1, 2005
            Buffalo, New York